**Andrew DeWayne McKINNEY, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–14565.**

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1969.

Don Anderson, Public Defender, T. Hurley Jordan, Asst. Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Don Timberlake, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Andrew DeWayne McKinney, who shall hereinafter be referred to as the defendant, was charged by information in the District Court of Oklahoma County, with the crime of Armed Robbery. He was tried before a jury, found guilty, and his punishment assessed at 30 years in the penitentiary. The defendant was represented by the Public Defender, Mr. T. Hurley Jordan, who lodged the appeal in this Court within the

time prescribed by law, asserting one assignment of error. Defendant contends that he was highly prejudiced by improper remarks made by Police Officer Baldwin while testifying relative to other offenses. The testimony about which the defendant complains arises out of the following set of circumstances. The defendant was charged with the armed robbery of the Park Plaza Liquor Store in Oklahoma City. When testifying, Officer Baldwin stated as follows:

"Q. After advising this man of his rights the second time, Officer Baldwin, then did you have a conversation with him at that point?

A. Yes, sir. I did.

Q. What was the conversation, Mr. Baldwin?

A. He agreed to talk to us willingly with reference to this alleged crime.

Q. All, right. What did he say to you, Officer, as near as you can remember just tell us the questions that were asked and the answers that were given.

A. I asked him if he robbed the Park Plaza Liquor Store on the 28th day of March at approximately 6:00 P. M.

Q. What did he say?

A. He said that he did.

Q. What other questions were asked and answers given?

A. I asked him if he robbed Jack Sussman's Liquor Store and—

MR. JORDAN: I object to that and certainly ask for a mistrial at this time because he's bringing in an extra crime that has nothing whatsoever to do with this one.

THE COURT: The Motion for Mistrial will be overruled.

Q. (By Mr. Cooper): Officer, will you tell me what the Defendant said?

A. He said that he robbed these liquor stores and they were the only two robberies that he had committed.

Q. Anything else?

A. He said that he had also done some till tapping.

Q. In this County?

A. Yes."

The testimony relative to the robbery of the Jack Sussman Liquor Store was wholly incompetent as was the testimony of other incidents of tilltapping. Officer Baldwin was an experienced officer having served six and one-half years on the police force, and surely knew better than to volunteer this type testimony. And, we note, in a companion case, the same evidence was used, reference to the above testimony was excluded, and properly so. This Court has reversed and modified more cases because of testimony relative to other offenses than for any other cause. We have consistently criticized such practice.

The Court said in the case of Wright v. State, Okl.Cr., 325 P.2d 1089 (1958):

"This type of testimony has often been referred to as an "evidential harpoon" that has been wilfully jabbed into the defendant and then jerked out by an admonition to the jury not to consider the same. This Court has never condoned, but often criticized a witness being intoxicated with eagerness in an all out effort to obtain a conviction. We are fully aware that these harpoons are often thrown through inadvertence or ignorance of the law, but we cannot lead ourselves to believe that such was the case. The witness Hagstrom is one with long experience in law enforcement who now occupies the position of Narcotic Agent for the State of Oklahoma, affiliated with the Attorney General's office, which office serves as an advisor of the law to most state officials. Surely, he was conscious of the rules of evidence that prohibit such actions of a witness."

This alone would be sufficient to reverse the case, but for the fact that the evidence was ample to prove conclusively the guilt of the defendant. The person robbed positively identified the defendant. The improper

statement only served to prejudice the defendant and resulted in enhanced punishment.

This Court feels that justice would be best served if the sentence was Modified to Ten (10) Years instead of Thirty (30) Years in the penitentiary, and it is so ordered.

Modified, and affirmed.

BRETT, P. J., and BUSSEY, J., concur.